# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON  DIVISION

STEPHEN MICHAEL SEPHUS                                              PETITIONER

VERSUS                                   CIVIL ACTION NO.  3:12CV50 WHB-LRA

CHRISTOPHER B. EPPS                                                 RESPONDENT

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On November 4, 2011, Petitioner Stephen Michael Sephus filed a Complaint

seeking relief both under 42 U.S.C. § 1983 and 28 U.S.C. § 2254.[1]  On January 24, 2012,

an Order Severing Habeas Claims was entered, and the clerk of court was directed to

open a new case as to the 42 U.S.C. § 2254 claims.[2]  Respondent has filed a motion to

dismiss asserting that the severed claims are barred pursuant to 28 U.S.C. § 2244(d) as

untimely under the Antiterrorism and Effective Death Penalty Act of 1996.  The Court

recommends that the habeas petition be dismissed with prejudice for the reasons that

follow.

Sephus was convicted of burglary of a building in the Circuit Court of Pike

County, Mississippi.  On February 12, 2001, he was sentenced to 5 years imprisonment,

with the first 30 months to be served in the custody of the Mississippi Department of

Corrections, and the remaining 30 months to be served on post-release supervision.  On

---

[1] *Steven Sephus v. Mississippi Department of Corrections, et.al.*, No. 3:11CV684 CWR-FKB.

[2] ECF No. 5.

April 16, 2002, the Mississippi Court of Appeals affirmed his conviction and sentence in *Sephus v. State*, 815 So.2d 447 (Miss. Ct. App. 2002). Sephus did not file a petition for rehearing within 14 days pursuant to Rule 40(a) of the Mississippi Rules of Appellate Procedure; he therefore forfeited his right to seek further discretionary review. *See Roberts v. Cockrell*, 319 F.3d 690, 693 n.14 (5th Cir. 2003). He filed a motion for post-conviction relief in the Mississippi Supreme Court on April 13, 2011, which was dismissed as improperly filed on July 6, 2011.[3] The instant petition for federal habeas corpus relief was filed on November 4, 2011.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1). AEDPA provides that the statute of limitations shall run from the latest of:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3]ECF Nos. 14-1–14-4.

28 U.S.C. § 2244(d)(1). AEDPA also provides that the statute of limitations will be tolled while a properly filed application for post-conviction relief is pending in state court:

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d)(2).

Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Sephus's burglary conviction became final on April 30, 2002, 14 days after his conviction and sentence were affirmed by the Mississippi Court of Appeals. Although he failed to timely seek a petition for rehearing in state court, he is credited with the 14-day

time period allowed for seeking a petition for rehearing under Rule 40(a) of the

Mississippi Rules of Appellate Procedure. *See Roberts*, 319 F.3d at 693-94. To toll the

statute of limitations, Sephus was required to file a "properly-filed" motion for post-

conviction collateral relief in state court on or before April 30, 2003. Because he did not

file a properly filed motion prior to that date, AEDPA's one-year statute of limitations ran

uninterrupted from April 30, 2002, to April 30, 2003. His federal habeas petition filed on

November 4, 2011, over eight years after AEDPA's deadline expired, is untimely.

Sephus does not dispute that his petition is untimely, but asserts that rare and

exceptional circumstances prevented him from timely filing his petition. He asserts that

since September 1, 2011, he has been suffering from a dire medical condition that

interferes with his ability to "think clearly and directionally long enough to concentrate

vividly."[4] He also advises that he has chronic degenerative disc disease, a torn rotator

cuff, lower back problems, and is need of a hip replacement. To that end, he appears to

request an injunction against the Mississippi Department of Corrections for not

adequately equipping its facility to address his disabilities.

As an initial matter, while a physical or mental impairment "*may* toll AEDPA'S

statue of limitations, it does not do so as a matter of right." *Smith v. Kelly*, 301 F.App'x

375 (5th Cir. 2008) (emphasis in original). Sephus bears the burden of establishing that

rare and exceptional circumstances warrant equitable tolling. Yet, he does not submit any

---

[4]ECF No. 15.

evidence "supporting his contention that his medical condition or medication impaired his ability to [timely] file his federal habeas petition." *Robinson v. Johnson*, 218 F.3d 744 (5th Cir. 2000). Mere allegations are insufficient. Further, by his own admission, the dire medical condition that interfered with his ability to "think clearly" began in September 2011, years after AEDPA's statute of limitations expired. His remaining claim that the Mississippi Department of Corrections allegedly failed to provide accommodations for his disabilities is not a basis for federal habeas relief.

None of the exceptions set forth in § 2244 (d)(1) (B-D) are applicable in this case, and none of Petitioner's remaining arguments are relevant or warrant tolling of the statute of limitations. In the absence of any evidence warranting statutory or equitable tolling, the undersigned finds Petitioner's habeas petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and recommends that this case be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009).

This the 10th day of January 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE