```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**STEPHEN MICHAEL SEPHUS**                                              **PETITIONER**

**VS.**                                    **CIVIL ACTION NO. 3:12-cv-50-WHB-LRA**

**CHRISTOPHER B. EPPS**                                                 **RESPONDENT**

## OPINION AND ORDER

This cause is before the Court on the Report and Recommendation ("R and R") of United States Magistrate Judge Linda R. Anderson. Having considered the R and R,[1] the other pleadings in this case, as well as supporting and opposing authorities, the Court finds the R & R should be adopted by this Court in its entirety.

### I. Discussion

On February 12, 2001, Stephen Michael Sephus ("Sephus") was sentenced to serve five years with the Mississippi Department of Corrections following a burglary conviction. Sephus's conviction and sentence were affirmed on appeal. See Sephus v. State, 815 So.2d 447 (Miss. Ct. App. 2002). On April 11, 2003, Sephus filed a motion in the Mississippi Supreme Court, which was dismissed, without prejudice on July 16, 2003, because it had been improperly filed.

On or about November 4, 2011, Sephus filed claims that were construed as a Petition Under 28 U.S.C. § 2254 for Writ of Habeas

---

[1] The parties were required to file objections to the R and R on or before January 24, 2013. No objections were filed.

Corpus by a Person in State Custody ("Petition").[2]  In response, Respondent, Christopher B. Epps ("Epps"), filed a motion seeking dismissal of the Petition on the grounds that it was untimely filed.  On review, United States Magistrate Judge Linda R. Anderson entered a R and R, recommending that the Petition be dismissed as untimely.  See R and R [Docket No. 19].

In the R and R, Judge Anderson found that to be timely under the Anti-Terrorism and Effective Death Penalty Act ["AEDPA"], codified at 28 U.S.C. § 2244(d), Sephus was required to file his Petition on or before April 30, 2003.  See id., at 4.  As Sephus's Petition was not filed until November 4, 2011, Judge Anderson found, and this Court agrees, that the Petition is time barred.  See 28 U.S.C. § 2244(d) (providing persons in custody pursuant to a state court judgment a one-year period in which to seek federal habeas corpus relief).

Judge Anderson next considered whether the applicable one-year limitations period was extended either by statute or by the doctrine of equitable tolling.  On these issues, Judge Anderson found that while Sephus complained that he suffered from several medical conditions, he had failed to show that these alleged conditions had impaired his ability to timely seek federal habeas

---

[2]  On November 4, 2011, Sephus filed a Complaint under 42 U.S.C. § 1983 seeking compensatory damages and the reversal of his state court convictions.  See Sephus v. Mississippi Dept. of Corrections, Civil Action No. 3:11-cv-684-CWR-FKB.  On review, it was determined that Sephus's claims had to severed, and that he had to proceed under 28 U.S.C. § 2254 with respect to his claims seeking reversal of his convictions.  See Order [Docket No. 1]. Thereafter, on January 24, 2012, this civil action was opened for the purpose of litigating Sephus's 28 U.S.C. § 2254 claims.

relief.  Id. at 4-5.  Judge Anderson also found that Sephus had failed to show that equitable tolling should be applied in this case.  See id. at 5.  Upon finding that Sephus's Petition for federal habeas relief was filed after the applicable one-year statute of limitations expired, and that the limitations period had not been statutorily or equitably tolled, Judge Anderson recommend that Epp's Motion to Dismiss be granted, and that Sephus's Petition be dismissed, with prejudice, as untimely.

After reviewing the R and R, to which no objection has been filed, as well as Sephus's Petition and other pleadings in this case, the Court agrees that the Petition is time barred and should be dismissed for that reason.  Accordingly, the Court will adopt Judge Anderson's R and R recommending dismissal of this case.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the January 10, 2013, Report and Recommendation of United States Magistrate Judge Linda R. Anderson [Docket No. 19], is hereby adopted as the ruling of this Court.

IT IS FURTHER ORDERED that the Motion of Respondent to Dismiss [Docket No. 14] is hereby granted.  A Final Judgment dismissing this case with prejudice shall be entered this day.

IT IS FURTHER ORDERED that a Certificate of Appealability should not issue.  Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED this the 8th day of February, 2013.

> s/ William H. Barbour, Jr.
> UNITED STATES DISTRICT JUDGE